IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEEPER SHARKEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID SPATAFORE and EAQUINTA LAND, LLC,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER TO DISMISS ACTION FOR FAILURE TO JOIN AN INDISPENSABLE PARTY<br><br>Case No. 2:23-cv-00561-JNP<br><br>District Judge Jill N. Parrish |

## BACKGROUND

Eaquinta Land, LLC is a limited liability company. Keeper Sharkey is one of six equal members of Eaquinta. David Spatafore is also a member and the manager of the LLC. Eaquinta's principal holding is approximately 327 acres of land in Carbon County, Utah. Eaquinta, under the direction of Spatafore, negotiated a deal to sell the land to a third party, presumably with the objective of dividing the profits of the sale among the members. Sharkey made a competing offer to purchase the land. But Spatafore, asserting that a majority of the members had voted to sell to the third party, intends to accept the original offer. Sharkey sued Spatafore and Eaquinta and moved for a temporary restraining order to restrain them from selling the land to the third party. Her central contention is that the operating agreement requires a unanimous vote to sell the land and that not all of the members voted to accept the offer presented by the third party.

Noting that Eaquinta is a nondiverse party, the court ordered Sharkey to show cause why the court should not dismiss the action for lack of subject matter jurisdiction. In response to the court's order, Sharkey filed an amended complaint that omitted Eaquinta. In other words, Sharkey

dropped the nondiverse party in an attempt to save federal jurisdiction. Noting that a plaintiff may not excuse an indispensable defendant in order to create diversity jurisdiction, *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999), the court ordered the parties to brief the issue of whether Eaquinta is an indispensable party to this action.

## ANALYSIS

Rule 19 of the Federal Rules of Civil Procedure governs whether a party is indispensable. This determination requires a three-step analysis. *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir.), *opinion modified on reh'g*, 257 F.3d 1158 (10th Cir. 2001). First, the court must determine whether Eaquinta is a necessary party. If it is a necessary party, the court must then decide whether joinder of Eaquinta is feasible. Finally, if joinder is not feasible, the court must determine whether the action should proceed without the necessary party.

Under Rule 19(a)(1), a party is necessary if:

> (A) in that [party's] absence, the court cannot accord complete relief among existing parties; or
>
> (B) that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may:
>
>> (i) as a practical matter impair or impede the [party's] ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Eaquinta clearly has an interest in the subject of this action. It owns the land that is at the center of this dispute. And its absence from this litigation would impede its ability to protect its interest in disposing of the land in a manner that maximizes profits for its members. Accordingly, Eaquinta is a necessary party.

The parties agree that joinder of Eaquinta is not feasible because its joinder would divest the court of diversity jurisdiction. *See* FED. R. CIV. P. 19(a)(1). The only remaining question, then, is whether Eaquinta is an indispensable party—i.e., "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* 19(b). The factors the court must consider include:

> (1) the extent to which a judgment rendered in the [party's] absence might prejudice that [party] or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the [party's] absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

All four of these factors favor dismissal rather than proceeding without Eaquinta. For the same reasons discussed above in evaluating whether Eaquinta is a necessary party, a judgment entered in its absence would prejudice it as the owner of the land at issue in this dispute. Second, the court cannot shape the relief to lesson or avoid this prejudice. The remedy sought is to block the desired deal. If Sharkey prevails, Eaquinta will lose the sale and potentially expose itself to liability to the third-party buyer. The court cannot modify the relief to avoid or alter this outcome. Third, a judgment entered in Eaquinta's absence would not be adequate. Sharkey contends that since Spatafore is the manager of Eaquinta, an injunction prohibiting him from consummating the

sale of the property would be effective. But Spatafore could effectively avoid an injunction by resigning and allowing the members to appoint a new manager by a majority vote. *See* Section 3.3 of the Operating Agreement. Fourth, Sharkey has an adequate remedy if this action is dismissed for nonjoinder. She can simply refile this action in state court with Eaquinta as a party.

Weighing the Rule 19(b) factors, which all favor dismissal, the court finds that Eaquinta is an indispensable party. Because Eaquinta may not be joined to this action without destroying diversity jurisdiction, the court dismisses this action without prejudice for failure to join an indispensable party.

DATED September 12, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge